"In The United States District Court
(Alfred A. Arraj Courthouse)

John Valdez,
(Claimant/Plaintiff);

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 3 2025

JEFFREY P. COLWELL
CLERK

Case No.: #

V.

U.S. Department Of Justice
Federal Bureau Of Prisons
Respondent(s).

42, U.S.C. § 1983,
Motion For Relief Of
BOP Work Program
Injury

Inmate Accident
Compensation Claim

Motion For Relief

Due Diligent & Honorable Court,

Hereinnow Comes This Humbling & Beseeching Claimant/Plaintiff, Inmate John Valdez, #02522-122, Seeking To, With "Clean Hands & Good Faith," Move The Diligent Discretion Of This Court, Pursuant To The Laws, Statutes, Et cetera, Of The United States, In Meritorious Relief.

As A Layman To The Law, Claimant/Plaintiff States Only What He Has Researched "In The Nature Of" The Law. Federal Rules Of Civil Procedure, (5)(E) States;

"This Rule Provides That The Clerk May Not Refuse To Accept A Filing Solely For The Reason That It Fails To Comply With

These Rules Or Local Rules."

It Is Also Understood By this Layman Claimant/Plaintiff that:

"It Is the Role Of the Courts To Provide Relief To Claimants, In Individual Or Class Action, Who Have Suffered Or Will Imminently Suffer Actual Harm; ..."

Claimant/Plaintiff, With the Factoring Aid Of 30⁺ Institutional Medical Records, Brings forth & Lodges This Claim. "Due Process Demands that the .... Protect Those Who It Incarcerates By Due & Diligently Exercising Reasonable Care To Assure their Safety & By Compensating them For Negligently Inflicted Injury." Ingraham V. Wright, 430, U.S. At 672-673; See Also: Doute V. Maryland. It Is Also Understood By this Layman Claimant/Plaintiff that, "the District Courts Are Always Deemed Open For Redress." Fed. R. Civ. P., 77(a). Claimant/Plaintiff, In Civil Complaint States That:

"A Claim Is Factually Plausible When Its Factual Content Allows The Court To Draw A Reasonable Inference That the Defendant "Is Liable" For The Misconduct Alleged." Reference: Iqbal, 129, S. Ct. at 1949, (Quoting Twombly, 550, U.S. at 570).

In Clear Comprehension, this Layman Claim-ant/Plaintiff Recognizes:

## Constitutional Rights Of Prisoners

### §8.1 Introduction: Access To The Courts As A Constitutional Right

"The Supreme Court Has Repeatedly Aff-irmed that One Of the Fundamental Rights Within The Due Process Clause Of The Fourteenth Amend-ment Is The Right Of Access To The Courts." See: Armstrong v. Manzo, 380, U.S. 545, 552, (1965), & Mullane v. Central Hanover Tr. Corp., 339, U.S. 306, 313, (1950).

Further & In Pursuant To The Constitutional Rights Of Prisoners:

"The Right Of A Prisoner To Exercise This Basic Constitutional Right Was establish-ed In The 1940 Case Of Ex Parte Hull." Ex Parte Hull, 312, U.S. 546, (1941)

Therefore,

"But Though His Rights May Be Dem-inished By The Needs & Exigencies Of The Insti-tutional Environment, A Prisoner Is Not Wholly   →

Stripped Of Constitutional Protections When He Is Imprisoned For A Crime. There Is No Iron Curtain Drawn Between The Constitution & The Prisons Of This Country."

In Factual Relevance To: Wolff V. McDonnell, 418, U.S. 539, 555, (1974); Holt V. Sarver, 309, F. Supp. 362, 377, (E.D. Ark. 1970); Ruiz V. Estelle, 503, F. Supp. 1265, 1303, (S.D. Tex. 1980); & Stroud V. Swope, 187, F. 2d. 850, 851, (9th Cir. 1951).

As This Layman Claimant's/Plaintiff's Institutional-Created Liberty Interest, Tillery V. Owens, 719, F. Supp. 1256, (W.D. Pa. 1989), Has Indeed Violated By The Kitchen Staff Of United States Penitentiary Florence, & Continues To Be, He Seeks The Necessary Deterring Relief For His Rehabilitational Reform & Servicing Correctional [BOP] Excellence Promulgated RBIC Requirements (DOJ/ BOP Manual; Program Statement -§1040.04 (Non-Discrimination Towards Inmates; §343.09 (Performance)); §7300.09 (Change Notice); P.S., Sec. (3)(d)(4); P.S., Sec. 21. (Training Agreements) 5, C.F.R. §§ 300.603 & 410.307 & 536.301; §1210.24 (Internal Affairs, Office Of), As Well As Other P.S. Directives; §2151(a), Congressional Findings & Declaration Of Policy, 28, U.S.C. §1357; 28, U.S.C. §1361; 28, U.S.C. §2202; See: United States V. States ex rel. Coquard V. Indian Grave Drainage & District, 85, F. 928, (7th Cir. 1898); 42, U.S.C. §1997e - Part 40 -- Standards For Inmate Grievance Procedures, Under P.S. Policy; Constitutional Rights Of Prisoners, §10.2; James V. Wallace,

3

406, F. Supp. 318, (M.D. Ala. 1976); Morris V. Travisono, 499, F. Supp. 149, (D.R.I. 1980); Alberti V. Sheriff Of Harris County, Texas, 406, Supp. 649, (S.D. Tex. 1975); Ohlinger V. Watson, 652, F. 2d. 77 (9th Cir. 1980); Const. R.O. Pris., § 10.3 – Right To Medical Aid; The Equal Protection Clause, Also, As Well As Other Constitutional & Lawful Safeguards)

    In Farmer V. Brennan, 511, U.S. 825, (1994), The Seventh Circuit Held That A Prison Official Is Not Liable Under The Eighth Amendment For Denying A Prisoner Humane Conditions Of Confinement, "Unless" The Official Knows Of & Disregards An Excessive Risk To Prisoner Health Or Safety. The Staff Of U.S.P. Florence, Almax, Just Before The Arrival Of Health & Sanitary Officials, Attempt Patch-Up Work To Their Kitchen Facility, Which Such Hazards They Are Aware Of, Complained By The Inmates To Be Dangerous & Filled, & Unavoidable, Are Excessive Risks To Prisoners Working Conditions & Pose A Serious Threat To Their Physical Well Being, As With Claimant/ Petitioner, Who, Because Of Construction Damage To A Section Of The Kitchen Floor, Where Food Carts Must Travel (With No Other Route), & The Disregard To Possible Injury By Staff, Staff In An Antagonistic Controlling Effort To Rush Inmates So That They Could Go Home, Forced An Inmate To Push A Cart Into The Construction Damaged Floor, Causing The Cart To Topple Towards Mr. Valdez, Hitting Him Directly In The Area Of The Face, Where His Eye Socket & The Flesh Covering His

4

Right Eye, Were So Brutally Bruised, A Gnash Split Open, Causing Him To Profusely Bleed, Develop A Large Black Spot On His Corner, Develop Slight Vision Loss, & Suffer Aggravating Headaches Which He Still, Tragicly Suffer From To This Day, Months After The Incident. This Incident Occurred May Of 2084.

    Claimant/Plaintiff, Upon Immediate Injury, Notified & Noticed Staff, Who At First, Attempted To Down-play His Injury, By Telling Him To "Toughen Up, & Go & Put Some Tissue Over It, You'll Be Alright."

    Pursuant To Title 28, Chapter III, Part 301, Claimant Seeks Compensation For His Injuries.

    "Section 4126 Of Title 18, United States Code, Authorizes Federal Prison Industries, Incorporated, To Employ The Prison Industries Fund In Paying Compensation To Inmates Or Their Dependents For Injuries Suffered In Any Work Activity In Connection With The Maintenance Or Operation Of The Institution Where Confined, Pursuant To Rules & Regulations Promulgated By The Attorney General".

See: 28, C.F.R. §§ 0.99, & 301.101 Thru 301.319, For Reference.

    Not Knowing, Being Unaware Procedurally, Claimant/Plaintiff Began Filing An Administrative Remedy Process Claim, Accompanied By A Federal Tort Claim, To Which All Efforts For Compensational Relief Was Denied.

5

It Wasn't Until Days Before This Fil-ing, Nine Months Later, With The Legal-Aid Help Of A Fellow Inmate, Did Claimant/Plaintiff Discover The Inmate Accident Compensation Procedures Rule Pamphlet & Its §301.319 - Exclusiveness Of Remedy:

"Inmates Who Are Subject To The Provi-sions Of These Inmate Accident Compensation Regulations Are Barred From Recovery Under The Federal Tort Claims Act (28, U.S.C. §2671 et seq.). Recovery Under The Inmate Accident Compensation Procedure Has Declared By The U.S. Supreme Court To Be The Exclusive Remedy In The Case Of Work-Related Injury." Refer To: U.S. V. Demko, 385, U.S. 149, (1966).

Because Of This Latter Development, Claimant/Plaintiff Is Left With No Other Choice, With The Burden Of Having To Financially Compensate The Scr-iptor Of This Motion As My Legal Representative, To Request That This Court, Upon His Meritorious (With Which Relief Can & Should Be Granted) Extend This Complaint To Include & Not Be Limited To The Attor-ney General, The Board Of Directors Of Federal Pris-on Industries, Such Officer(s) Of The Corporation As The Federal Prison Industries, Such Officer(s) Of The Corporation As The Board May Designate, Or Any & All Known & Unknowns Who May Be Accomplicingly Liable

6

Also.

As these injuries result in the nature of damage, harm, offense, trespass, violation, et cetera, & carry the potential of life-long existence, based on their observational consistencies, I ask that the court, for the sake of future medical expense(s), award these injuries in the sum total amount of one point five million dollars ($1,500,000.00) or medium of exchange at market value, against all liable parties, as it appears that corrective surgery is needed.

Respectfully Submitted

John Valdez #02522-122
" Without prejudice or recourse "

[c/o United States Penitentiary Florence],
c/o Post Office Box 7000,
Florence, Colorado 81226

Date: February, 27, 2025.

8

```
JOHN M VALDEZ, 02522-122
FLORENCE HIGH USP    UNT: 4 GP    QTR: E02-116L
PO BOX 7500
FLORENCE,  CO 81226
```

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number**: 1204287-R1

This is in response to your Regional Administrative Remedy Appeal received on July 29, 2024. You allege you were injured while working in Food Service due to staff negligence. You further claim due to your work-related injury, you experience headaches and slight vision loss. As relief, you request to be compensated an unspecified amount for your injury.

Program Statement 1330.18, Administrative Remedy Program, states, "If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures." Monetary damages may not be awarded via the administrative remedy process. If you wish to seek monetary compensation based on the negligence of staff, you must pursue your claim through the administrative procedures applicable to the basis of your claim (i.e. the Federal Tort Claims Act).

Based on your claim of a work-related injury, filing a claim under the Federal Tort Claims Act may be precluded by 28 C.F.R. § 301.319. Recovery under the Inmate Accident Compensation Act (IACA) procedure was declared by the U. S. Supreme Court to be the exclusive remedy in the case of work-related injury. *U.S. v. Demko*, 385 U.S. 149 (1966).

Pursuant to 28 C.F.R. § 301.303, claims for impairment under the IACA may be accepted no more than 45 days but no less than 15 days prior to the date of an inmate's release or up to one year after release, for good cause shown. Post-release claims should be submitted directly to the Claims Examiner, Inmate Accident Coordinator, Federal Bureau of Prisons, 320 First Street NW, Washington, DC 20534.

Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_8/21/2024_
Date

_(signature)_
Andre Matevousian, Regional Director

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number**: 1204287-R1

This is in response to your Regional Administrative Remedy Appeal received on July 29, 2024. You allege you were injured while working in Food Service due to staff negligence. You further claim due to your work-related injury, you experience headaches and slight vision loss. As relief, you request to be compensated an unspecified amount for your injury.

Program Statement 1330.18, <u>Administrative Remedy Program</u>, states, "If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures." Monetary damages may not be awarded via the administrative remedy process. If you wish to seek monetary compensation based on the negligence of staff, you must pursue your claim through the administrative procedures applicable to the basis of your claim (i.e. the Federal Tort Claims Act).

Based on your claim of a work-related injury, filing a claim under the Federal Tort Claims Act may be precluded by 28 C.F.R. § 301.319. Recovery under the Inmate Accident Compensation Act (IACA) procedure was declared by the U. S. Supreme Court to be the exclusive remedy in the case of work-related injury. *U.S. v. Demko*, 385 U.S. 149 (1966).

Pursuant to 28 C.F.R. § 301.303, claims for impairment under the IACA may be accepted no more than 45 days but no less than 15 days prior to the date of an inmate's release or up to one year after release, for good cause shown. Post-release claims should be submitted directly to the Claims Examiner, Inmate Accident Coordinator, Federal Bureau of Prisons, 320 First Street NW, Washington, DC 20534.

Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_8/21/2024_
Date

_____
Andre Matevousian, Regional Director

**U.S. Department of Justice**                                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __VALDEZ    JOHN    M__    __02577122__    __E/A__    __FLORENCE HIGH USP__
       LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

Part A - REASON FOR APPEAL [Statement Of Facts]: While Due Diligently Doing My Rehabilitational Services In The Institutional Kitchen, I Was Injured Negligently By The Failure Of Staff's Lack Of Attention (Attachment A, Secs. 7, 14, 15,) To Supervisory Duty & Responsibility. [Grounds For Relief]: I Now Suffer From Headaches & Slight Vision Losses From Where I Was Injured Right Above My Right Eye. See Medical Report.
[Relief Requested]: As The Institution Is At Fault Negligently, I Expect Compensary Reparations In A Sufficient Amount, To Compensate For My Injury.

__7/23/2024__                                    __Valdez John__ (signature)
       DATE                                         SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUL 29 2024

---

DATE                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: __1204287-R1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**                              CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

---

DATE                                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

PRINTED ON RECYCLED PAPER                                      BP-230(13)
                                                              JUNE 2002

UON LVN

**U.S. Department of Justice**

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _VALDEZ   JOHN   M_____
LAST NAME, FIRST, MIDDLE INITIAL                 REG. NO.             UNIT                INSTITUTION

**Part A - REASON FOR APPEAL**

_____

_7/23/2014_____              _____
DATE                                                     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUL 29 2024

_____            _____
DATE                                               REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.            UNIT             INSTITUTION

SUBJECT: _____

_____            _____
DATE                                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

UPN LVN

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

24-128-08    6-28-24

From: VALDEZ JOHN M     02572122   E A     USP FLORENCE
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST** [Statement Of Facts]: While Due Diligently Doing My Rehabilitational Services In The Institutional Kitchen, I Was Injured Negligently By The Failure Of Staff's Lack Of Attention (Attachment A, Secs. 7, 14, 15,) To Supervisionary Duty & Responsibility. [Grounds For Relief]: I Now Suffer Headaches & Slight Vision Losses From Where I Was Injured Right Above My Right Eye. See Medical Report.
[Relief Requested]: As The Institution Is Negligently At Fault, I Expect Compensatory Reparations In A Sufficient Amount, To Compensate For My Injury.

6/28/2024
DATE               _Valdez John_   SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Received
Admin Remedies

JUL 01 2024

**USP Florence**

_See Attached Response_

_____
DATE            WARDEN OR REGIONAL DIRECTOR

_If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response._

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 1204287-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE           RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN     PRINTED ON RECYCLED PAPER     BP–229(13)
APRIL 1982

**BP-229 RESPONSE**                                    **Case Number: 1204287-F1**

Your Request for Administrative Remedy June 28, 2024, and received in this office on July 1, 2024, has been reviewed. You allege you were injured while working in Food Service due to staff negligence. You further claim due to your work injury, you experience headaches and slight vision loss. As relief, you request to be compensated an unspecified amount for your injury.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The result of the review revealed you sustained a work-related injury in the Food Service department on April 25, 2024. During your medical exam, you claim you were moving a food cart when you were struck by the cart on the right side of your face, causing a laceration lateral to the right eyebrow. On July 5, 2024, you were interviewed to obtain additional information so your issue can be addressed appropriately. During the interview, you state another inmate was moving a food cart and it hit a damaged floor tile, causing it to tip and hit you in the right side of your face. You stated a staff member was standing nearby and was negligent by not helping you pick the cart up.

Because you claim a disability due your work-related injury, in accordance with Program Statement 1600.14, National Occupational Safety and Health Policy, the Inmate Accident Compensation (IAC) program may be awarded to former federal inmates or their dependents for physical impairment or death resulting from injuries sustained while performing work assignments. To file a claim for a residual physical impairment caused by a work-related injury, you are advised to file an *Inmate Claim for Compensation Resulting from Work Injury Form* within 45 days before your release from prison or transfer to a Residential Reentry Center. On July 5, 2024, you were provided this information and a brochure with instructions on how to claim benefits under the IAC program.

In accordance with 28 CFR Section 301.319, the process explained above is the exclusive remedy for inmates to claim compensation for a disability resulting from a work-related injury, and inmates who are subject to the IAC regulations are barred from recovery under the Federal Tort Claims Act (28 USC 2671 et. seq). Monetary damages may not be awarded through the administrative remedy process. If you wish to seek monetary compensation for a personal injury due to a federal employee's negligence, you are advised to file your claim through the administrative procedures applicable to the basis of your claim by filing a "Claim for Damage. Injury, or Death", standard form 95. This form can be obtained by contacting your Unit Management Team.

Accordingly, your Request for Administrative Remedy is for informational purposes only.

In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional

**BP-229 RESPONSE**                                           **Case Number: 1204287-F1**

                                                                        **Page 2**

Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.


M. Starr, Warden                                  Date    7/5/2024

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip Code. |
|---|---|
| | LONI M. VALDEZ # 02522-122, UNITED STATES PENITENTIARY, FLORENCE HIGH POST OFFICE BOX 7000, FLORENCE, COLORADO, 81226 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| | | | | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.) WHILE PERFORMING MY RECREATIONAL SERVICES, I WAS INJURED OVER MY RIGHT EYE BY THE STAFF MEMBER THAT WAS PRESENT, & A INMATE, BOTH NEGLIGENT FOR MY INJURY. A POOL CART WAS SHOVED PAST A KNOWN HOLE IN THE FLOOR. WHEN THE CART WOULDN'T MAKE IT PAST THE HOLE, IT FELL, HITTING ME DIRECTLY IN THE FACE.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) THE PHYSICAL PROPERTY BEING MY FACE WHERE 6 TO 10 SUTURES WERE PLACED. SEE MEDICAL REPORT. I GET HEADACHES & VISION LOSS.

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. THE BLOW TO THE HEAD & FACE I SUFFERED, HAS CAUSED SEVERE HEADACHES TO OCCUR; IT HAS CAUSED ME TO LOSE VISION AT TIMES, & BECOME DIZZY. I NOW CARRY A PERMINENT SCAR FROM THIS INCIDENT.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $25,000 | N/A | $25,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No    17. If deductible, state amount.

N/A                                                                                         N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute your form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



**U.S. Department of Justice**

# UNICOR

**Federal Prison Industries, Inc.**

# Inmate Accident Compensation Procedures

# FOREWORD

Despite a well-managed and progressive safety program it is not possible to prevent every accident and injury sustained by an inmate worker.  This pamphlet contains the authority and procedures for reporting work related accidents, for preparation of claims, and for payment of compensation to inmates who have sustained an impairment as a result of a work assignment in Federal Prison Industries, Inc., or an institutional work assignments.

# TITLE 28
# JUDICIAL ADMINISTRATION

## CHAPTER III
## FEDERAL PRISON INDUSTRIES, INC.
## DEPARTMENT OF JUSTICE

## PART 301
## INMATE ACCIDENT COMPENSATION

## REGULATIONS GOVERNING
## INMATE ACCIDENT
## COMPENSATION PROCEDURES

Section 4126 of Title 18, United States Code, authorizes Federal Prison Industries, Incorporated, to employ the Prison Industries Fund in paying compensation to inmates or their dependents for injuries suffered in any work activity in connection with the maintenance or operation of the institution where confined, pursuant to rules and regulations promulgated by the Attorney General. The authority to issue rules and regulations under this provision has been delegated by the Attorney General to the Board of Directors of Federal Prison Industries, or to such officer of the Corporation as the Federal Prison Industries, or to such officer of the Corporation as the Board may designate. See Title 28, Code of Federal Regulations (28 CFR), Section 0.99. These regulations coincide with those published in 28 CFR Section 301.101 though 301.319.

# PART 301 -
# INMATE ACCIDENT COMPENSATION

## Subpart A - GENERAL

Sec.

| | |
|---|---|
| 301.101 | Purposes and scope. |
| 301.102 | Definitions. |
| 301.103 | Inmate work assignments. |
| 301.104 | Medical attention. |
| 301.105 | Investigation and report of injury. |
| 301.106 | Repetitious accidents. |

## Subpart B - LOST-TIME WAGES

| | |
|---|---|
| 301.201 | Applicability |
| 301.202 | Determination of work-relatedness. |
| 301.203 | Payment of lost-time wages. |
| 301.204 | Continuation of lost-time wages. |
| 301.205 | Appeal of determination. |

## Subpart C- COMPENSATION FOR WORK-RELATED PHYSICAL IMPAIRMENT OR DEATH

| | |
|---|---|
| 301.301 | Compensable and noncompensable injuries. |
| 301.302 | Work-related death. |
| 301.303 | Time parameters for filing a claim. |
| 301.304 | Representation of claimant. |
| 301.305 | Initial determination. |
| 301.306 | Appeal of determination. |
| 301.307 | Notice, time and place of committee action. |
| 301.308 | Committee reconsideration. |
| 301.309 | In-person hearing before the committee hearings. |
| 301.310 | Witnesses. |
| 301.311 | Expenses associated with appearance at committee hearing. |
| 301.312 | Notice of committee determination. |
| 301.313 | Chief Operating Officer review. |
| 301.314 | Establishing the amount of award. |
| 301.315 | Review of entitlement. |
| 301.316 | Subsequent incarceration of compensation recipient. |
| 301.317 | Medical treatment following release. |
| 301.318 | Civilian compensation laws distinguished. |
| 301.319 | Exclusiveness of remedy. |

**Authority:** 18 U.S.C. 4126, 28 CFR 0.99, and by resolution of the Board of Directors of Federal Prison Industries, Inc.

## Subpart A - GENERAL

### §301.101 Purpose and Scope.

Pursuant to the authority granted at 18 U.S.C. 4126, the procedures set forth in this part govern the payment of accident compensation, necessitated as the result of work-related injuries, to federal prison inmates or their dependents. Compensation may be awarded via two separate and distinct programs:

(a) Inmate Accident Compensation may be awarded to former federal inmates or their dependents for physical impairment or death resultant from injuries sustained while performing work assignments in Federal Prison Industries, Inc., in institutional work assignments involving the operation or maintenance of a federal correctional facility, or in approved work assignments for other federal entities; or,

(b) Lost-time wages may be awarded to inmates assigned to Federal Prison Industries, Inc., to paid institutional work assignments involving the operation or maintenance of a federal correctional facility, or in approved work assignments for other federal entities for work-related injuries resulting in time lost from the work assignments.

### §301.102 Definitions.

(a) For purposes of this part, the term "work-related injury" shall be defined to include any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment.

(b) (1) For purposes of this part, the term "release" is defined as the removal of an inmate from a Bureau of Prisons correctional facility upon expiration of sentence, parole, final discharge from incarceration of a pretrial inmate, or transfer to a community corrections center or other non-federal facility, at the conclusion of the period of confinement in which the injury occurred.

(2) In the case of an inmate who suffers a work-related injury while housed at a community corrections center, "release" is defined as the removal of the inmate from the community corrections center upon expiration of sentence, parole, or transfer to any non-federal facility, at the conclusion of the period of confinement in which the injury occurred.

(3) In the case of an inmate who suffers a work-related injury while housed at a community corrections center and is subsequently transferred to a Bureau of Prisons facility, "release" is defined as the removal of the inmate from the Bureau of Prisons facility upon expiration of sentence, parole, or transfer to community corrections center or other non-federal facility.

(c) For purposes of this part, the term "dependent" is defined as the legally recognized spouse or child of an inmate for whose support the inmate is legally responsible in whole or part.

(d) For purposes of this part, the term "work detail supervisor" may refer either to a Bureau of Prisons or a non-Bureau of Prisons supervisor.

(e) For the purposes of this part, the phrase "housed at" or "based at" a "Bureau of Prisons institution" shall refer to an inmate that has a work assignment with a Bureau of Prisons institution or with another federal entity and is incarcerated at a Bureau of Prisons institution. For the purposes of this part, the phrase "based at" or "housed at" a "community

corrections center" shall refer to an inmate who has a work assignment for a non-Bureau of Prisons federal entity and is incarcerated at a community corrections center.

## §301.103 Inmate work assignments.

The unit team of each inmate, which ordinarily designates work assignments, or whoever makes work work assignments, shall review appropriate medical records, presentence reports, admission summaries, and all other available information prior to the designation of an inmate to a work assignment in an effort to preclude the assignment of an inmate to a work assignment not compatible with inmate's physical ability or condition.

## §301.104 Medical attention.

Whenever an inmate worker is injured while in the performance of assigned duty, regardless of the extent of the injury, the inmate shall immediately report the injury to his official work detail supervisor. In the case of injuries on work details for other federal entities, the inmate shall also report the injury as soon as possible to community corrections or institution staff, as appropriate. The work detail supervisor shall immediately secure such first aid, medical, or hospital treatment as may be necessary for the proper treatment of the injured inmate. First aid treatment may be provided by any knowledgeable individual. Medical, surgical, and hospital care shall be rendered under the direction of institution medical staff for all inmates based at Bureau of Prisons institutions. In the case of inmates based at community corrections centers, medical care shall be arranged by the work supervisor or by community corrections center staff in accordance with the medical needs of the inmate. Refusal by an inmate worker to accept such medical, surgical, hospital, or first aid treatment recommended by medical staff or by other medical professionals may result in denial of any claim for compensation for any impairment resulting from the injury.

## §301.105 Investigation and report of injury.

(a) After initiating necessary action for medical attention, the work detail supervisor shall immediately secure a record of the cause, nature, and exact extent of the injury. The work detail supervisor shall complete a BP-140, Injury Report (Inmate), on all injuries reported by the inmate, as well as injuries observed by staff. In the case of injuries on work details for other federal entities, the work supervisor shall also immediately inform community corrections or institution staff, as appropriate, of the injury. The injury report shall contain a signed statement from the inmate on how the accident occurred. The names and statements of all witnesses (e.g., staff, inmates, or others) shall be included in the report. If the injury resulted from the operation of mechanical equipment, an identifying description or photograph of the machine or instrument causing the injury shall be obtained, to include a description of all safety equipment used by the injured inmate at the time of the injury. Staff shall provide the inmate with a copy of the injury report. Staff shall then forward the original and remaining copies of the injury report to the Institutional Safety Manager for review. In the case of inmates based at community corrections centers, the work detail supervisor shall provide the inmate with a copy of the injury  report and shall forward the original and remaining copies of the injury report to the Community Corrections Manager responsible for the particular community corrections center where the inmate is housed.

(b) The Institution Safety Manager or Community Corrections Manager shall ensure that a medical description of the injury is included on the BP-140, whenever the injury requires medical attention. The Institution Safety Manager or Community Corrections Manager shall also ensure that the appropriate sections of BP-140, Page 2, Injury - Lost-Time Follow-Up Report, are completed and that all reported work injuries are properly documented.

### §301.106 Repetitious accidents.

If an inmate worker is involved in successive accidents on a particular work site in a comparatively short period of time, regardless of whether injury occurs, and the circumstances of the accidents indicate an awkwardness or ineptitude that, in the opinion of the inmate's work supervisor, implies a danger of further accidents in task assigned, the inmate shall be assigned to another task more suitable to the inmate's ability.


## Subpart B - LOST-TIME WAGES

### §301.201 Applicability.

Lost-time wages shall be available only for inmates based at Bureau of Prisons institutions.

### §301.202 Determination of work-relatedness.

(a) When the institution safety manger receives notice, or has reason to believe, a work-related injury may result in time lost from the work assignment, he or she shall present BP-140, Pages 1 and 2 (with the appropriate sections completed) to the Institution Safety Committee at the Committee's next regularly scheduled meeting.  The Safety Committee shall make a determination of the injury's work-relatedness based on the available evidence and testimony.  The determination shall be recorded on BP-140, Page 2, a copy of which shall be provided to the inmate.

(b) A determination of work-relatedness for purposes of awarding lost-time wages is not confirmation on the validity of any subsequent claim to receive compensation for work-related physical impairment or death.

### §301.203 Payment of lost-time wages.

(a) An inmate worker may receive lost-time wages for the number of regular work hours absent from work due to injury sustained in the performance of the assigned work.

(b) Lost-time wages are paid for time lost in excess of three consecutively scheduled workdays.  The day of injury is considered to be the first workday regardless of the time of injury.

(c) An inmate may receive lost-time wages at the rate of 75% of the standard hourly rate of the inmate's regular work assignment at the time of the injury.

### §301.204 Continuation of lost-time wages.

(a) Once approved, the inmate shall receive lost-time wages until the inmate:

　　(1) is released;

　　(2) is transferred to another institution for reasons unrelated to the work injury;

　　(3) returns to the pre-injury work assignment;

　　(4) is reassigned to another work area or program for reasons unrelated to the sustained work injury, or is placed into Disciplinary Segregation; or,

　　(5) refuses to return to a regular work assignment or to lighter duty work assignment after medical certification of fitness for such duty.

(b) An inmate medically certified as fit for return to work shall sustain no monetary loss due to a required change in work assignment. Where there is no light duty or regular work assignment available at the same rate of pay as the inmate's pre-injury work assignment, the difference shall be paid in lost-time wages. Lost-time wages are paid until a light duty or regular work assignment at the same pay rate as the inmate's pre-injury work assignment is available.

## §301.205 **Appeal of determination**

An inmate who disagrees with the decision regarding payment of lost-time wages may appeal that decision exclusively through the Administrative Remedy Procedure. (See 28 CFR part 542.)

28 CFR 542 refers to the Program Statement on Administrative Remedy Procedure for Inmates.

## Subpart C- COMPENSATION FOR WORK-RELATED PHYSICAL IMPAIRMENT OR DEATH

### §301.301 **Compensable and noncompensable injuries.**

(a) No compensation for work-related injuries resulting in physical impairment shall be paid prior to an inmate's release.

(b) Compensation may only be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury. This ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment. However, injuries suffered during the performance of voluntary work in the operation or maintenance of the institution, when such work has been approved by staff, may also be compensable.

(c) Compensation is not paid for injuries sustained during participation in institutional programs (such as programs of a social, recreational, or community relations nature) or from maintenance of one's own living quarters. Furthermore, compensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area).

(d) Injuries sustained by inmate workers willfully or with intent to injure someone else, or injuries suffered in any activity not related to the actual performance of the work assignment are not compensable, and no claim for compensation for such injuries will be approved. Willful violation of rules and regulations may result in denial of compensation for any resulting injury.

### §301.302 **Work-related death.**

A claim for compensation as the result of work-related death may be filed by a dependent of the deceased inmate up to one year after the inmate's work-related death. The claim shall be submitted directly to the Claims Examiner, Federal Bureau of Prisons, 320 First Street, NW., Washington DC 20534.

### §301.303 **Time parameters for filing a claim.**

(a) No more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment exists as a

result of an industrial, institution, or other work-related injury shall submit a FPI 43, Inmate Claim for Compensation on Account of Work Injury. Assistance will be given the inmate to properly prepare the claim, if the inmate wishes to file. In each case a definite statement shall be made by the claimant as to the impairment caused by the alleged injury. The completed claim form shall be submitted to the Institution Safety Manager or Community Corrections Manager for processing.

(b) In the case of an inmate based at a community corrections center who is being transferred to a Bureau of Prisons institution, the Community Corrections Managers shall forward all materials relating to an inmate's work-related injury to the Institution Safety Manager at the particular institution where an inmate is being transferred, for eventual processing by the Safety Manager prior to the inmate's release from that institution.

(c) Each claimant shall submit to a medical examination to determine the degree of physical impairment. Refusal, or failure, to submit to such a medical examination shall result in the forfeiture of all rights to compensation. In each case of visible impairment, disfigurement, or loss of member, photographs shall be taken to show the actual condition and shall be transmitted with FPI Form 43.

(d) The claim, after completion by the physician conducting the impairment examination, shall be returned to the Institution Safety Manager or Community Corrections Manager for final processing. It shall then be forwarded promptly to the Claims Examiner, Federal Bureau of Prisons, 320 First Street, NW., Washington, DC 20534.

(e) It is the responsibility of each claimant to advise the Claims Examiner of his or her current address, in writing, at all times during the pendency of a claim for Inmate Accident Compensation.

(f) When circumstances preclude submission in accordance with the provisions of paragraph (a) of this section, a claim may be accepted up to 60 days following release. Additionally, a claim for impairment may be accepted up to one year after release, for good cause shown. In such cases the claim shall be submitted directly to the Claims Examiner, Federal Bureau of Prisons, 320 First Street, NW., Washington, DC 20534.

## §301.304 Representation of claimant.

(a) Any person may represent the claimant's interest in any proceeding for determination of a claim under this part, so long as that person is not confined in any federal, state or local correctional facility. Written appointment of a representative, signed by the claimant, must be submitted before the representative's authority to act on behalf of the claimant may be acknowledged.

(b) It is not necessary that a claimant employ an attorney or other person to assert a claim or effect collection of an award. Under no circumstances will the assignment of any award be recognized, nor will attorney fees be paid by Federal Prison Industries, Inc.

## §301.305 Initial determination.

A claim for inmate accident compensation shall be determined by a Claims Examiner under authority delegated by the Board of Directors of Federal Prison Industries, Inc., pursuant to 28 CFR 0.99. In determining the claim, the Claims Examiner will consider all available evidence. Written notice of the determination, including the reasons therefore, together with notification of the right to appeal the determination, shall be mailed to the claimant at the claimant's last known address, or to the claimant's duly appointed representative.

## §301.306 Appeal of determination.

(a) An Inmate Accident Compensation Committee (hereafter referred to as the "Committee") shall be appointed by the Chief Operating Officer, Federal Prisons Industries, Inc., under authority delegated by the Board of Directors of Federal Prison Industries, Inc., pursuant to 28 CFR 0.99. The Committee shall consist of four members and four alternate members, with any three thereof required to form a quorum for decision-making purposes.

(b) Any claimant not satisfied with any decision of the Claims Examiner concerning the amount or right to compensation shall, upon written request made within 30 days after the date of issuance of such determination, or up to 30 days thereafter upon a showing of reasonable cause, be afforded an opportunity for either an in-person hearing before the Committee, or Committee reconsideration of the decision. A claimant may request an in-person hearing or reconsideration by writing to the Inmate Accident Compensation Committee, Federal Bureau of Prisons, 320 First Street, NW., Washington, DC 20534.

(c) Upon receipt of claimant's request, a determination will be made regarding the timeliness of the filing. If the request is timely filed, or if reasonable cause exists to accept the request filed in an untimely manner, the request shall be accepted. Once accepted, a copy of the information upon which the Claims Examiner's initial determination was based shall be mailed to the claimant at the claimant's last known address, or to claimant's duly appointed representative, provided the release of such information is not determined to pose a threat to the safety of the claimant, any other inmate, or staff.

## §301.307 Notice, time and place of committee action.

(a) Committee action shall ordinarily occur within 60 days of the receipt of claimant's request, except as provided in this section. Notice of the date set for Committee action shall be mailed to the claimant at the claimant's last known address, or to claimant's duly appointed representative. All Committee action shall be conducted at the Central Office of the Bureau of Prisons, 320 First Street, NW., Washington, DC 20534.

(b) A hearing or reconsideration may be postponed at the option of the Committee, or, if good cause is shown, upon request of the claimant. A claimant may change the request from either hearing to reconsideration or reconsideration to hearing, provided notice of such change is received at least 10 days prior to the previously scheduled action.

## §301.308 Committee reconsideration.

If the claimant elects to have the Committee reconsider any decision of the Claims Examiner, the claimant may submit documentary evidence which the Committee shall consider in addition to the original record. The Committee must receive evidence no less than 10 days prior to the date of reconsideration, and may request additional documentary evidence from the claimant or any other source.

## §301.309 In-person hearing before the committee hearings.

(a) The appeal shall be considered to have been abandoned if the claimant fails to appear at the time and place set for the hearing and does not, within 10 days after the time set for that hearing, show good cause for failure to appear.

(b) In conducting the hearing, the Committee is not bound by common law or statutory rules of evidence, nor by technical or formal rules of procedure, but may conduct the hearing in such manner as to best ascertain the rights and obligations of the claimant and the government. At such hearing, the claimant shall be afforded an opportunity to present evidence in support of the claim under review.

(c) The Committee shall consider all evidence presented by the claimant, and shall, in addition, consider any other evidence as the Committee may determine to be useful in evaluating the claim. Evidence may be presented orally and/or in the form of written statements and exhibits.

(d) A representative appointed in accordance with the provisions of this section may make or give, on behalf of the claimant, any request or notice relative to any proceeding before the Committee. A representative shall be entitled to present or elicit evidence or make allegations as to fact and law in any proceeding affecting the claimant and to request information with respect to the claim. Likewise, any request for additional information, or notice to any claimant of any administrative action, determination, or decision, may be sent to the representative of such claimant, and shall have the same force and effect as if it had been sent to the claimant.

(e) In order to fully evaluate the claim, the Committee may question the claimant and any witness(es) appearing before the Committee on behalf of the claimant or government.

(f) Claimant, or claimant's representative, may question the Committee or any witness(es) appearing before the Committee on behalf of the government, but only on matters determined by the Committee to be relevant to its evaluation of the claim.

(g) The hearing shall be recorded, and a copy of the recording or, at the discretion of the Committee, a transcript thereof shall be made available to the claimant upon request, provided such request is made not later than 90 days following the date of the hearing.

## §301.310 Witnesses.

(a) If a claimant wishes to present witnesses at the hearing, the claimant must provide the Committee, no less than 10 days before the scheduled hearing date, the name and address of each proposed witness, along with an outline of each witness' testimony. The Committee may limit the number of witnesses who may appear at hearing; however, the Committee has no authority to compel the attendance of any witness.

(b) Any person confined in a federal, state, or local penal or correctional institution at the time of the hearing may not appear as a witness, but that person's testimony may be submitted in the form of a written statement.

## §301.311 Expenses associated with appearance at committee hearing.

Federal Prison Industries, Inc., may not assume responsibility for any expenses incurred by the claimant, claimant's representative, or any witness appearing on behalf of the claimant in connection with attendance at the hearing, as well as any other costs relating to any representative, witnesses, or evidence associated with a hearing before the Committee.

## §301.312 Notice of committee determination.

The Committee shall mail written notice of its decision to affirm, reverse, or amend the Claims Examiner's initial determination, with the reasons for its decision, to the claimant at the claimant's last known address, or to claimant's duly appointed representative, no later that 30 days after the date of the hearing unless the Committee needs to make a further investigation as a result of information received at the hearing. If the Committee conducts further investigation subsequent to the hearing, the decision notice shall be mailed no late than 30 days after the conclusion of the Committee's investigation.

### §301.313 Chief Operating Officer review.

Any claimant not satisfied with the Committee's reconsidered decision or decision after a hearing may appeal such decision the Chief Operating Officer, Federal Prison Industries, Inc., 320 First Street, NW., Washington, DC 20534. A written request for such an appeal must be received no later than 90 days after the date of notice of the Committee's decision. The Chief Operating Officer shall review the record and affirm, reverse or amend the Committee's decision no later than 90 days after receipt of claimant's notice of appeal. Written notice of the Chief Operating Officer's decision shall be mailed to the claimant's last known address, or the the claimant's representative.

### §301.314 Establishing the amount of award.

(a) If a claim for Inmate Accident Compensation is approved, the amount of compensation shall be based upon the degree of physical impairment existent at the time of the claimant's release regardless of when during the claimant's period of confinement the injury was sustained. No claim for compensation will be approved if full recovery occurs while the inmate is in custody and no impairment remains at the time of release.

(b) In determining the amount of accident compensation to be paid, the permanency and severity of the injury in terms of functional impairment shall be considered. The provisions of the Federal Employees' Compensation Act (FECA) (5 U.S.C. 8101, et seq.) shall be followed when practicable.The FECA establishes a set number of weeks of compensation applicable for injuries to specific body members or organs (Section 8107).

(c) All awards of Inmate Accident Compensation shall be based upon the minimum wage (as prescribed by the Fair Labor Standards Act).

(1) For body members or organs covered under Section 8107, the minimum wage applicable at the time of the award shall be used as the basis for determining the amount of compensation. Awards regarding injury to body members or organs covered under Section 8107 shall be paid in lump sum. Acceptance of such an award shall constitute full and final settlement of the claim for compensation.

(2) For body members or organs not covered under Section 8107, awards will be paid on a monthly basis because such awards are subject to periodic review of entitlement. The minimum wage applicable at the time of each monthly payment shall be used in determining the amount of each monthly payment. Monthly payments are ordinarily mailed the first day of the month following the month in which the award is effective.

### §301.315 Review of entitlement.

(a) Each monthly compensation recipient shall be required, upon request of the Claims Examiner, to submit to a medical examination, by a physician specified or approved by the Claims Examiner, to determine the current status of his physical impairment. Any reduction in the degree of physical impairment revealed by this examination shall result in a commensurate reduction in the amount of monthly compensation provided. Failure to submit to this physical examination shall be deemed refusal, and shall ordinarily result in denial of future compensation. The costs associated with this examination shall be borne by Federal Prison Industries, Inc.

(b) Inasmuch as compensation awards are based upon the minimum wage, any income received by a compensation recipient which exceeds the annual income available at the minimum wage (based upon a 40 hour work week), including Social Security or veterans benefits received as the result of the work-related injury for which Inmate Accident

Compensation has been awarded, shall be deemed excessive. The amount of compensation payable to a claimant with an income deemed excessive shall be reduced at the rate of one dollar for each two dollars of earned and benefit income which exceeds the annual income available at minimum wage. Each monthly compensation recipient shall be required to provide a statement of earnings on an annual basis, or as otherwise requested. Failure to provide this statement shall result in the suspension or denial of all Inmate Accident Compensation benefits until such time as satisfactory evidence of continued eligibility is provided.

## §301.316 Subsequent incarceration of compensation recipient.

If a claimant, who has been awarded compensation on a monthly basis, is or becomes incarcerated at any federal, state, or local correctional facility, monthly compensation payments payable to the claimant shall ordinarily be suspended until such time as the claimant is released from the correctional facility.

## §301.317 Medical treatment following release.

Federal Prison Industries, Inc., may not pay the cost of medical, hospital treatment, or any other related expense incurred after release from confinement unless such cost is authorized by the Claims Examiner in advance, or the Claims Examiner determines that circumstances warrant the waiver of this requirement. Generally, the payment of such costs is limited to impairment evaluations, or treatments intended to reduce the degree of physical impairment, conducted at the direction of the Claims Examiner. The amount of a payment for medical treatment is limited to reasonable expenses incurred, such as those amounts authorized under applicable fee schedule established pursuant to 42 U.S.C. §1395w-4 for the Department of Health and Human Services Medicare program.

## §301.318 Civilian compensation laws distinguished.

The Inmate Accident Compensation system is not obligated to comply with the provisions of any other system of worker's compensation except where specifically stated in this part. Awards made under the provisions of the Inmate Accident Compensation procedure differ from awards made under civilian workmen's compensation laws in that hospitalization is usually completed prior to the inmate's release from the institution and, except for a three-day waiting period, the inmate receives wages while absent from work. Other factors necessarily must be considered that do not enter into the administration of civilian workmen's compensation laws. As in the case of federal employees who allege they have sustained work-related injuries, the burden of proof lies with the claimant to establish that the claimed impairment is causally related to the claimant's work assignment.

## §301.319 Exclusiveness of remedy.

Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act (28 U.S.C. 2671 et seq.). Recovery under the Inmate Accident Compensation procedure was declared by the U. S. Supreme Court to be the exclusive remedy in the case of work-related injury. U. S. v. Demko, 385 U. S. 149 (1966).



VALDEZ, JOHN
#02522-122 E.A. #117
UNITED STATES PENITENTIARY F LORENCE
PO BOX 7000
FLORENCE, CO-81226~

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ COURTHOUSE
901 19TH STREET ROOM A 105
DENVER, CO-90294-3589-

LEGAL MAIL

IMT

FEDERAL PRISON CAMP

FEB 26 2025